UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| HEATHER D HERRON, | ) | |
| (Social Security No. XXX-XX-9174), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 3:09-cv-2-WGH-RLY |
| | ) | |
| MICHAEL J. ASTRUE, COMMISSIONER | ) | |
| OF SOCIAL SECURITY, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING PLAINTIFF'S EAJA MOTION
## FOR AWARD OF ATTORNEY FEES

On February 12, 2010, Plaintiff filed an EAJA Motion for Award of Attorney Fees. (Docket Nos. 33-34). Defendant filed a response on March 9, 2010 (R. 39), and Plaintiff filed a reply on March 23, 2010 (R. 40). The Magistrate Judge, having considered the motion, all filed documents and relevant law, and being duly advised, hereby **GRANTS** the motion.

The Equal Access to Justice Act, 28 U.S.C. § 2412, allows a plaintiff to recover attorney's fees against the government in certain circumstances. *U.S. v. Thouvenot, Wade & Moerschen, Inc.*, 596 F.3d 378, 381 (7th Cir. 2010). Under the EAJA, reasonable fees may be awarded to a plaintiff's counsel where: (1) plaintiff is a prevailing party; (2) the government is not "substantially justified" in its position; (3) no "special circumstances" make an award unjust; and (4) the fee application is timely and supported by an itemized statement. 28 U.S.C. § 2412.

In this case, the only issue is whether the government was "substantially justified" in its position.

A position is "substantially justified" if it has a reasonable basis in law and fact. *Conrad v. Barnhart,* 434 F.3d 987, 989 (7th Cir. 2006). The government's case "must have sufficient merit to negate an inference that the government was coming down on its small opponent in a careless and oppressive fashion." *Thouvenot,* 596 F.3d at 382. Here, the Magistrate Judge determined that remand was necessary because the court could not trace the path of the ALJ's reasoning regarding whether there were jobs in the regional economy that Plaintiff could perform and because the ALJ failed to examine all of Dr. McFadden's opinions and explain why they were not entitled to controlling weight.

In this case, based on the testimony of vocational expert Frank Kern, the ALJ determined that Plaintiff could perform the jobs of sorter (which included 1,600 jobs in the regional economy), hand packager (800 regional jobs), and bench assembler (1,600 regional jobs). And, the ALJ noted that the vocational expert's testimony was consistent with the Dictionary of Occupational Titles ("DOT"). However, this clearly was not accurate. In Defendant's Brief in Support of the Commissioner's Decision, the Social Security Administration ("SSA") almost immediately acknowledged to this court that the ALJ had erred and that the jobs of hand packager and bench assembler did not comply with Plaintiff's residual functional capacity ("RFC"). (*See* Defendant's Memorandum in Support

of the Commissioner's Decision at 17).  The court then scheduled oral arguments in this case and cautioned the SSA that it had serious concerns about the remaining sorter jobs that the SSA alleged Plaintiff could perform.  Ultimately, after hearing oral arguments, the court determined that remand was necessary because the ALJ had failed to resolve "clearly obvious conflicts between the VE's testimony and the DOT."

Under these circumstances, an award of attorney's fees under the EAJA is warranted because the government's position was not "substantially justified."  A decision by an administrative law judge at step five of the sequential evaluation process must demonstrate that there are a significant number of jobs in the regional economy that meet a particular RFC.  If the ALJ does not list a significant number of jobs that actually meet a plaintiff's RFC, then remand is required.  In this case, the SSA knew that the ALJ had mistakenly listed two categories of jobs that did not meet Plaintiff's RFC.  Yet, the SSA still opposed remand and asked this court to speculate about what was in the ALJ's mind when he determined that Plaintiff could perform 1,600 sorter jobs.  Despite the fact that 21 of 24 subcategories of sorter jobs cannot be performed at the sedentary level according to the DOT, the SSA still managed to argue that Plaintiff could perform three subcategories of sorter jobs; jobs that the ALJ did not specifically reference in his opinion.  But, these three subcategories of sorter jobs also did not match Plaintiff's RFC.  Given the fact that there were such

obvious problems with the ALJ's decision regarding the number of jobs that

Plaintiff could perform, the position of the SSA was not substantially justified.

Plaintiff's EAJA Motion for Award of Attorney Fees is **GRANTED.**

**SO ORDERED** the 1st day of April, 2010.

_____
William G. Hussmann, Jr.
United States Magistrate Judge
Southern District of Indiana

**Electronic copies to:**

J. Michael Woods
WOODS & WOODS
mwoods@woodslawyers.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov